UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAPLE MANOR REHAB CENTER OF NOVI,
INC., ET AL.,

      Plaintiffs,

v.

TRAVELERS INSURANCE COMPANY.

      Defendant.
_____/

Case No. 17-cv-10695

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [18], DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12], AND DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [14]**

On February 13, 2017, Maple Manor Rehab Center of Novi Inc., Maple Manor Neuro Center Inc., Jose S. Evangelista, III, M.D., P.C., and Livonia Diagnostic Center, P.C. (collectively, "Plaintiffs") filed a complaint against Travelers Insurance Company in Wayne County Circuit Court. *See* Dkt. No. 1-2. Travelers Insurance Company removed the complaint to this Court on March 6, 2017 based on diversity jurisdiction. Dkt. No. 1.

The case is presently before the Court on Defendant Travelers Insurance's Motion for Summary Judgment [12], Defendant's Motion to Dismiss Pursuant to Rule 12(c), and Plaintiffs' Motion for Leave to File First Amended Complaint [18]. For the following reasons, the Court **GRANTS** Plaintiffs' Motion for Leave

-1-

to File First Amended Complaint [18], **DENIES AS MOOT** Defendant's Motion for Summary Judgment [12], and **DENIES** Defendant's Motion to Dismiss Pursuant to Rule 12(c).

### A. Plaintiffs' Motion for Leave to File First Amended Complaint and Defendant's Motion for Summary Judgment

Although generally a "party may amend its pleading once as a matter of course," FED. R. CIV. P. 15(a), "in all other cases it may amend a pleading only with the opposing party's consent or with leave of the court." *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009). "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the present case, Plaintiffs concede that they misnamed Defendant in their original Complaint. They now seek permission to amend their Complaint to correct Defendant's name from Travelers Insurance to Travelers Casualty and Surety Company. Dkt. No. 18, pp. 1–2 (Pg. ID 130–31). Plaintiffs had filed a parallel second action arising out of the same facts against Travelers Casualty and Surety Company in Wayne County Circuit Court on May 4, 2017, upon which Defendant based its Motion for Summary Judgment. Dkt. No. 12.

Based on the pleadings, it appears that Defendant had adequate notice of the claims against it, albeit under an incorrect name. Defendant has not demonstrated that it will suffer any prejudice, undue delay, or futility from Plaintiffs' amendment, as long as Plaintiffs dismiss the duplicative state court proceeding. Accordingly, the Court will grant Plaintiffs' Motion to amend their Complaint to correct Plaintiff's name. The Court will also order that Plaintiffs voluntarily dismiss their second lawsuit, as agreed to in their pleadings, within 14 days of the amendment. Such a ruling moots Defendant's Motion for Summary Judgment, which the Court will deny.

**B.     Defendant's Motion for Judgment on the Pleadings**

Defendant's second motion seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. No. 14. In its motion, Defendants rely on the Michigan Supreme Court's recent decision in *Covenant Med. Center, Inc. v. State Farm Mutual Automobile Insurance Co.*, 895 N.W.2d 490 (Mich. 2017), which held "that healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Id.* at 493.

In response, Plaintiffs point out that *Covenant*'s holding did not "alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 505 n.40. Thus, *Covenant* would not bar Plaintiffs from

-3-

seeking relief should they receive an assignment of rights from the patient. Indeed, Plaintiffs note that they are currently working on obtaining an assignment. Dkt. No. 20, pp. 3, 12 (Pg. ID 162, 171).[1]

Because Plaintiffs are currently working on securing an assignment, the Court will deny Defendant's Motion for Judgment on the Pleadings without prejudice. Should Plaintiffs fail to secure an assignment from the injured party within the ordered time period, Defendant may file a renewed motion for judgment on the pleadings, at which time the Court will consider whether *Covenant* is to be applied prospectively or retroactively.

Accordingly, the Court **GRANTS** Plaintiffs' Motion For Leave To File First Amended Complaint [18] and **DENIES AS MOOT** Defendant's Motion For Summary Judgment [12].

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings [14] is **DENIED**.

---

[1] Plaintiffs' response brief failed to comply with the Court's Local Rule on type size, which requires all text and footnotes be no smaller 14-point type size. E.D. Mich. LR 5.1(a)(3). Plaintiffs' text was smaller than 11-point type size and their footnotes were smaller than 8-point type size, making their brief challenging to read. This may be because Plaintiffs' counsel failed to turn off the "track changes" feature before filing the brief. Plaintiffs' counsel is advised to at review his pleadings to ensure compliance with the Local Rules before submitting them to the Court.

**IT IS FURTHER ORDERED** that Plaintiffs shall secure an assignment from the injured party and submit proof of this assignment to the Court within **thirty (30) days** of this order's entry.

**IT IS SO ORDERED.**

Dated:   July 27, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge