UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAPLE MANOR REHAB CENTER OF
NOVI, INC., ET AL.,

    Plaintiffs,

v.

TRAVELERS INSURANCE COMPANY,

    Defendant.
_____/

Case No. 17-cv-10695

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS [22] AND DENYING AS MOOT DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT [24]**

## I. INTRODUCTION

Pending before the Court is Plaintiffs' Motion to Dismiss and Defendant's Renewed Motion for Summary Judgment. Plaintiff moves to dismiss this case without prejudice. Defendant moves for summary judgment. For the reasons that follow, the Court will grant Plaintiffs' Motion to Dismiss without prejudice and deny Defendant's Motion for Summary Judgment as moot.

## II. FACTUAL BACKGROUND

In 2015, Mr. John Bourdage was involved in a car accident and sustained physical injuries. Dkt. No. 1-2, at 6 (Pg. ID 10). The accident made Mr. Bourdage

1

eligible to receive no-fault insurance benefits. *Id.* Mr. Bourdage was a patient of the Plaintiffs. *Id.* Defendant has received medical bills from Plaintiffs but has not paid all of the charges. *Id.* at 7 (Pg. ID 11). In February of 2017, Plaintiffs filed a complaint against Defendant in Wayne County Circuit Court. *See* Dkt. No. 1, pg. 1 (Pg. ID 1). Defendant removed the case to this Court on March 3, 2017. *See* Dkt. No. 1. Defendant then moved for summary judgment on May 31, 2017. Dkt. No. 12. On May 25, 2017, the Michigan Supreme Court decided *Covenant Medical Center, Inc. v. State Farm Mutual Automobile Insurance Company*, which held that health care providers no longer had a right to file a separate cause of action to recover the cost of the services they provided. 895 N.W.2d 490, 504–05 (Mich. 2017). Based on that decision, the Defendant moved for judgment on the pleadings on June 13, 2017 for failure to state a claim upon which relief could be granted. Dkt. No. 14. Defendant argued that Plaintiffs could not bring a cause of action because they are healthcare providers. *See* Dkt. No. 21, pg. 3 (Pg. ID 181).

This Court denied the Motion for Judgment on the Pleadings because Mr. Bourdage could assign his claim to Plaintiffs, which would allow Plaintiffs to bring the claim. Dkt. No. 21, pg. 4 (Pg. ID 182). The Court then denied the motion for summary judgment as moot. *Id.*

Mr. Bourdage did not assign his claim to Plaintiffs, and he instead brought a lawsuit in Washtenaw County Circuit Court against Defendant. Dkt. No. 22, pg. 3

(Pg. ID 186). Plaintiffs' lawyer began representing Mr. Bourdage in his Washtenaw County Circuit Court claim on July 28, 2017. *Id.* Therefore, Plaintiffs' claims will now be presented in the Bourdage case. *Id.* Plaintiffs were the first party to file a motion in the present proceeding. Plaintiffs filed a Motion to Dismiss requesting this Court to dismiss the action without prejudice because their case will be presented in the Bourdage case. Dkt. No. 22. Plaintiffs requested a dismissal without prejudice so Defendants cannot use this Court's dismissal in the Bourdage case to claim that this Court already decided Plaintiffs' claim on the merits. Dkt. No. 22, pg. 3 (Pg. ID 186). Defendants responded, requesting that this Court dismiss the action with prejudice. Dkt. No. 27. On September 6, 2017, Defendants also filed a Renewed Motion for Summary Judgment for failure to state a claim upon which relief could be granted pursuant to the *Covenant* decision. Dkt. No. 24. Plaintiffs responded by referencing their earlier Motion to Dismiss, stating that this Court should dismiss without prejudice so Plaintiffs can pursue their claims in Mr. Bourdage's case. Dkt. No. 26, pg. 2 (Pg. ID 209).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss. The court will dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 56(c) governs summary judgment. "Summary judgment shall be granted if there is no genuine

issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." C*ehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998) (quotations omitted).

## IV. DISCUSSION

**Motion to Dismiss**

Because Plaintiffs filed their Motion to Dismiss first, the Court will consider it first. Plaintiffs request this Court dismiss their claim without prejudice. Defendants maintain the position that the claim should be dismissed with prejudice because "[a] dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits,' and is therefore done with prejudice." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (quoting *Federal Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 3699 n.3 (1981)). This Court is not dismissing Plaintiff's action for failure to state a claim, so the dismissal is not a judgment on the merits. This Court is dismissing the action because Plaintiffs' matter is now pending before another court. Mr. Bourdage did not assign his claim to Plaintiffs. Instead, he filed his own claim in Washtenaw County Circuit Court. Plaintiff's claims will be considered along with his claims because Mr. Bourdage and Plaintiffs have the same lawyer. In conclusion, this Court will dismiss the

current action without prejudice to allow the Washtenaw County Circuit Court to consider the Plaintiffs' issues, which are in Mr. Bourdage's case.

**Motion for Summary Judgment**

Because this Court is granting Plaintiffs' Motion to Dismiss, the Renewed Motion for Summary Judgment is moot. Accordingly, this Court denies Defendant's Motion as moot.

### V. Conclusion

For the reasons discussed herein, the Court will grant Plaintiffs' Motion to Dismiss without prejudice and deny Defendant's Renewed Motion for Summary Judgment as moot.

**IT IS SO ORDERED.**

/s/Gershwin A Drain  
GERSHWIN A. DRAIN  
UNITED STATES DISTRICTJUDGE

Dated: October 24, 2017